745 A.2d 451

**Morris HELMAN t/a Barclay National Mortgage Group**

v.

**Ruth KIM.**

**No. 239, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Feb. 3, 2000.

John F. Carlton (Kim Y. Johnson, Paul Nussbaum and Whiteford, Taylor & Preston, LLP, on brief), Baltimore, for Appellant.

James V. McFaul (Covahey & Boozer, P.A., on the brief), Towson, for Appellee.

Argued before DAVIS, THIEME, and KENNEY, JJ.

THIEME, Judge.

Appellant, Morris Helman, trading as Barclay National Mortgage Group, appeals from an order of the Circuit Court for Baltimore City releasing appellee, Ruth Kim, from a duly

recorded mortgage lien. Appellant presents the following questions for our review, which we have rephrased for clarity:

1. Did the lower court err in determining that the presumption of payment regarding unreleased mortgages in § 7–106(c)(1) of the Maryland Code, Real Property Article, is not rebuttable?

2. Did the lower court err in granting appellee's Motion for Summary Judgment and releasing the mortgage lien when material facts remained in dispute?

We answer "no" to these questions.

### Facts

On June 3, 1982, appellee Ruth Kim executed a mortgage on behalf of herself and her husband, Daniel Kim. The principal amount of the mortgage was $17,000.00. The agent who brokered the loan was Jacob Fraidin, acting on behalf of Barclay National Mortgage Group, a sole proprietorship entirely owned by appellant Morris Helman. The mortgage burdened four properties in Baltimore City owned by the Kims, and was classified as a "commercial mortgage." The interest rate was 24% per annum, and its terms provided for interest-only payments of $340.00 per month for 36 months. The mortgage matured on June 5, 1985, which was the last payment date called for in the instrument. Thereafter, the full amount of the principal plus any unpaid interest became fully due and payable.

Less than a year after the mortgage was executed, appellant received $12,000.00 from the sale of one of the properties burdened by the mortgage. Appellee released the property from the mortgage but was never provided with an accounting as to how these proceeds were applied to the mortgage balance. Appellee continued to make the $340.00 monthly payments.

On June 5, 1985, the mortgage matured; by its terms, the full amount of any unpaid principal plus any interest became due and payable. Appellee was not provided with an accounting of any amount claimed to be still due under the mortgage

at that time, nor was any written demand made for payment. Although the principal balance of the mortgage, if any, was due and payable, neither appellant nor his agents provided any written notice to appellee after June 5, 1985, that the mortgage was due.

Appellee stated in her affidavit that she believed she did not owe any more money on the mortgage, and instead believed that she had paid too much. Appellee also stated that she attempted to communicate with appellant's agent, Fraidin, on numerous occasions to obtain a release of the mortgage, or at least a statement of what he claimed was still owing. Appellee received no response.

In 1990, appellee had the opportunity to sell one of the properties burdened by the mortgage. Appellee's real estate agent and the settlement company made several unsuccessful attempts to contact appellant or Fraidin to arrange the release of the mortgage. Although five years had passed since the mortgage matured, neither appellant nor his agents claimed any amount was still due and owing or gave appellee written notice that she was in default.

Thereafter, appellee and her husband sought the assistance of the Baltimore City State's Attorney's Office, the Maryland Attorney General Consumer Protection Division, and various private attorneys in bringing action against appellant to obtain a release of the mortgage. In 1991, appellee's husband retained counsel to initiate suit against appellant for various causes of action, including an accounting of the mortgage proceeds. The suit failed at the outset due to an inability to obtain service on appellant.

The date of June 5, 1997, marked twelve years since the maturity date/last payment date called for in the mortgage. During that time, appellees had not received any notice that the mortgage was in default or that any balance was still owed on the note. Neither appellant nor his agents filed a continuation statement in the Land Records for Baltimore City, pursuant to Md.Code (1974, 1996 Repl.Vol.), § 7–106(c) of the Real

Property Article. Moreover, no foreclosure action was brought to enforce the lien.

Approximately six months after the twelve year mark, appellee filed a complaint for release of the lien. Appellant initially evaded service, but was eventually served by alternative means in June of 1998. At that time, appellant claimed that the mortgage was in default, and that there was an outstanding principal balance of $8,400.00 due and owing, plus interest of $13,104.00.

On October 19, 1998, during the pendency of appellee's complaint, appellant initiated legal action to enforce the mortgage by filing a Petition to Foreclose in the Circuit Court for Baltimore City. The foreclosure proceedings were stayed pending the outcome of this case.

## Discussion

### I. Termination of the Mortgage Lien

Appellant argues that the lower court "erred by applying the incorrect standard of proof regarding the release of a mortgage lien." Specifically, appellant contends that Md.Code (1974, 1996 Repl.Vol.), § 7–106(c) of the Real Property Article, provides a rebuttable presumption of payment that may be overcome by evidence at a hearing on the merits of the complaint. In pertinent part, § 7–106(c) provides:

(c) *Presumption of payment; termination of lien; continuation statements.—*

(1) If a mortgage or deed of trust remains unreleased of record, the mortgagor or grantor or any interested party is entitled to a presumption that it has been paid if:

(i) 12 years have elapsed since the last payment date called for in the instrument or the maturity date as set forth in the instrument or any amendment or modification to the instrument and no continuation statement has been filed;

(ii) The last payment date or maturity date cannot be ascertained from the record, 40 years have elapsed since the

date of record of the instrument, and no continuation statement has been filed; or

(iii) One or more continuation statements relating to the instrument have been recorded and 12 years have elapsed since the recordation of the last continuation statement.

(2) Except as otherwise provided by law, if an action has not been brought to enforce the lien of a mortgage or deed of trust within the time provided in paragraph (1) of this subsection and, notwithstanding any other right or remedy available either at law or equity, the lien created by the mortgage or deed of trust shall terminate, no longer be enforceable against the property, and shall be extinguished as a lien against the property.

(3) . . . (iii) Upon timely recordation in the land records where the original instrument was recorded of a continuation statement under this subparagraph, the effectiveness of the original instrument shall be continued for 12 years after the day on which the continuation statement is recorded.

Appellant contends that the language in Section 7–106(c)(1) merely establishes a rebuttable presumption in favor of the mortgagor that the mortgage has been paid if listed timing contingencies are met. Therefore, appellant maintains, the court erred in granting summary judgment in favor of appellee because appellant should have been given the opportunity to present evidence to rebut the presumption in a hearing on the merits of the complaint. We find that although the presumption in § 7–106(c)(1) may have been rebuttable at one time, § 7–106(c)(2) creates an *automatic* termination of mortgage liens under specified conditions and establishes that the presumption in § 7–106(c)(1) is conclusive.

*Presumption in Section 7–106(c)(1)*

■ The Court of Appeals has held that determining the meaning of a statute begins with a review of the statute's plain language:

[T]he object of statutory construction is to effectuate, after discerning, the real intention of the Legislature. The

search for legislative intention begins, and ordinarily ends, with the words of the statute under review. Where, giving the words of the statute their ordinary and common meaning, the statute is clear and unambiguous, it usually is unnecessary to go further.

*Prince George's County v. Vieira,* 340 Md. 651, 658, 667 A.2d 898 (1995) (citations omitted). The plain language in § 7–106(c)(1) provides a presumption of payment under specified conditions. The statute does not, however, expressly create a *rebuttable* presumption under those conditions. Thus, "[w]e may ... confirm the meaning reached by reference to the words of the statute by considering the purpose, goal or context of the statute. This means that we are required to interpret the statute as a whole, and, if appropriate, in the context of the entire statutory scheme of which it is a part." *Id.,* 340 Md. 651, 667 A.2d 898 (citations omitted). Accordingly, appellant relies on the legislative history of the statute, as well as the legal definition of "presumption," to support his argument that the presumption in the statute is rebuttable.

Appellant contends that "[t]he predecessor to the Code provision of § 7–106 confirms that the presumption was intended by the legislature to be a rebuttable one." The predecessor to § 7–106(c)(2) provided for the presumption of payment of a mortgage unreleased of record where 20 years had passed since the last payment date called for in the mortgage instrument. The lien could then be released if the presumption of payment was not rebutted. Md.Code (1981 Repl.Vol.), § 7–106(c)(2) of the Real Property Article. Thus, appellant argues, the presumption was meant to be rebuttable. Moreover, because the legislature has revisited the statute "no less than ten times through 1990" without making a "blanket statement" that would have the effect of eliminating the presumption entirely, appellant contends that the presumption remains rebuttable.

To buttress further his argument, appellant cites *Black's Law Dictionary* (6th ed., 1990), which defines a "presumption" as "an inference in favor of a particular fact.... In all civil actions and proceedings ..., a presumption imposes on the

party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption.... In general, all presumptions other than conclusive presumptions are rebuttable presumptions."

We agree with appellant that, if the presumption in § 7–106(c)(1) is rebuttable, the court erred in granting appellee's motion for summary judgment and denying appellant the opportunity to present evidence regarding payment (or non-payment) of the mortgage at a hearing. In light of the plain language and legislative history of § 7–106(c)(2), however, we do not agree with appellant's contention that the presumption is rebuttable.

### Automatic Termination of a Mortgage Lien in Section 7–106(c)(2)

Unlike § 7–106(c)(1), the plain language of § 7–106(c)(2) expressly creates an automatic termination of unreleased liens. Indeed, the language of the subsection is clear and mandatory: to preserve the existence and enforceability of a lien, the holder of a mortgage or deed of trust must either (1) bring an action to enforce the mortgage within twelve years of its maturity date, or (2) file a continuation statement in the land records where the original instrument was recorded. If the holder fails to take either of these actions, the mortgage "shall terminate, no longer be enforceable against the property, and shall be extinguished as a lien against the property."

During the 1987 legislative session, the Maryland General Assembly enacted the current version of § 7–106(c)(2). Previously, the statute provided:

The right to release of a mortgage or deed of trust shall be enforced by a bill in equity *if the presumption of payment is not rebutted.* All parties to the instrument, including the mortgagee, trustee in a deed of trust, or any party named in the instrument, shall be made parties to the bill and served or summoned with notice as in other equity cases. If the court finds the petitioner has a right to release, the clerk shall record the release under the proce-

dure set forth in § 3–105(b) and (c) of this article relating to the clerk's duty to record releases.

Md.Code (1981 Repl.Vol.), § 7–106(c)(2) of the Real Property Article (emphasis added). Thus, prior to its amendment in 1987, the Code explicitly provided for the rebuttal of the presumption of payment. The amended version of this subsection deleted any mention of a bill in equity or the right to rebut the presumption of payment; instead, its terms are absolute.

The Senate Judicial Proceedings Committee, in its "Summary of Committee Report," stated the following about the amendment, which began as Senate Bill 595:

> The bill repeals the requirement that a person enforce a right to release of a mortgage or deed of trust by filing a bill in equity, and authorizes the *automatic termination* of those liens if an action has not been brought to enforce the lien within: (1) 12 years of the last payment date called for in the instrument or the maturity date set forth in the instrument or amendment to the instrument; or (2) 40 years of the date of record of the instrument if the last payment date or maturity date cannot be ascertained from the record.

Senate Judicial Proceedings Committee, Summary of Committee Report for Senate Bill 595, at 1 (1987) (emphasis added). The Committee Report further stated that the bill addressed "the problem of unreleased mortgages and deeds of trust that remain on record," and predicted that the bill would "reduce costs and delays in real estate settlements." *Id.* at 2.

Like the Committee Report, the Bill Analysis published by the Senate Judicial Proceedings Committee strongly suggests that the language in § 7–106(c)(2) provides for the automatic termination of liens without allowing for a rebuttable presumption:

> This bill repeals the requirement that the right to release of a mortgage or deed of trust be enforced by a bill in equity if the presumption of payment is not rebutted. The bill authorizes *automatic termination and extinguishment*

of a lien of a mortgage or deed of trust where the presumption of payment has been established by 12 years having elapsed since the last payment date called for in the instrument or the maturing date, or, if the last payment date or maturity date cannot be ascertained, 40 years having elapsed since the date of record of the instrument.

Senate Judicial Proceedings Committee, Bill Analysis for Senate Bill 595, at 1 (1987) (emphasis added).

The logical conclusion of appellant's argument is that the mortgagor must file an action in court and allow the mortgagee the opportunity to rebut the presumption of payment in order to obtain the release of a mortgage after the expiration of the twelve year time period since the date of maturity/last payment date. A trial would then ensue and, if the presumption is rebutted and the mortgagor is unable to prove payment, the mortgage would continue in full force and effect. As appellee correctly points out, "every lien which falls outside the 12–year window would still have to be litigated under essentially the same laborious procedures that existed in the pre–1987 statute. No buyer, real estate settlement company or title company could safely assume that a defunct but unreleased mortgage might not unexpectedly spring back to life."

Appellant's approach to interpreting § 7–106(c)(1) renders § 7–106(c)(2) meaningless and does not further the legislative purposes of "address[ing] the problem of unreleased mortgages and deeds of trust that remain on the record" and "reduc[ing] costs and delays in real estate settlements." On the contrary, appellee's approach, and the approach this Court adopts, simply renders the presumption in § 7–106(c)(1) conclusive, consistent with the plain language and legislative history of § 7–106(c)(2). As the Court of Appeals stated in *Vieira*, "no word in the statute or no portion of the statutory scheme should be read 'so as to render the other, or any portion of it, meaningless, surplusage, superfluous or nugatory.'" 340 Md. at 658, 667 A.2d 898 (quoting *GEICO v. Insurance Comm'r*, 332 Md. 124, 132, 630 A.2d 713 (1993)).

We find that appellant's analysis, although accurate under the pre–1987 statute, is no longer the proper interpretation of the Code's language. Even if the presumption set forth in § 7–106(c)(1) was at one time rebuttable, that is no longer the case. In light of the plain language and legislative history of § 7–106(c)(2), the presumption in § 7–106(c)(1) is conclusive and termination of the mortgage lien, under the stated conditions, is automatic. Therefore, the court did not err in denying appellant the opportunity to rebut the presumption by presenting evidence at a hearing on the merits.[1]

## II. Grant of Summary Judgment

■ Appellant next contends that the court erred in granting appellee's motion for summary judgment when material facts were in dispute. Again, we disagree.

Pursuant to Md. Rule 2–501(e), summary judgment is appropriate only if there is no dispute of material fact and the party in whose favor judgment is entered is entitled to judgment as a matter of law. *See, e.g., Murphy v. Merzbacher,* 346 Md. 525, 531, 697 A.2d 861, 864 (1997); *Bowen v. Smith,* 342 Md. 449, 454, 677 A.2d 81, 83 (1996); *Rosenblatt v. Exxon Company, U.S.A.,* 335 Md. 58, 68, 642 A.2d 180, 184 (1994); *McGraw v. Loyola Ford, Inc.,* 124 Md.App. 560, 572 723 A.2d 502, 508, *cert. denied,* 353 Md. 473, 727 A.2d 382 (1999). A material fact is one that will alter the outcome of the case, depending upon the fact-finder's resolution of the dispute.

---

1. While it does not affect our opinion in this case, we note that the language in § 7–106(c) is arguably ambiguous as to whether the presumption of payment applies to the promissory note underlying the mortgage or deed of trust. This potential ambiguity arises because it is the note and not the mortgage that is "paid." Thus, the language could be read to create a presumption that the note has been paid if the mortgage or deed of trust remains unreleased. We do not, however, read the language in this manner. We find that the logical reading of the statute is that if a mortgage or deed of trust remains unreleased and the other conditions specified in the statute are met, the mortgagor is entitled to a presumption that the mortgage is terminated. Finally, we note that in this case, because the issue before this Court is limited to the termination of the lien on the property, we do not decide whether there remains a cause of action on the debt itself in light of the still outstanding promissory note.

*King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608, 614–15 (1985); *McGraw,* 124 Md.App. at 573, 723 A.2d at 508. "A dispute as to a fact 'relating to grounds upon which the decision is not rested is not a dispute with respect to a material fact and such dispute does not prevent the entry of summary judgment.'" *Seaboard Sur. Co. v. Richard F. Kline, Inc.,* 91 Md.App. 236, 242–43, 603 A.2d 1357 (1992) (quoting *Salisbury Beauty Schs. v. State Bd. of Cosmetologists,* 268 Md. 32, 40, 300 A.2d 367 (1973)).

Appellant contends that because the parties disagreed as to amounts due and owing on the mortgage, as well as informal efforts taken by appellant to enforce and collect on the mortgage, summary judgment was improper. Aside from appellant's own affidavit, however, no evidence was presented of any communication with appellee concerning payment of the mortgage. Although appellant made general allegations of communications between his agents and appellee, he had no personal knowledge of these communications. This Court has held that "[c]onclusory denials or bald allegations will not defeat a motion for summary judgment." *Barber v. Eastern Karting Co.,* 108 Md.App. 659, 672, 673 A.2d 744, *cert. denied,* 343 Md. 334, 681 A.2d 69 (1996) (citing *Seaboard Sur. Co. v. Richard F. Kline, Inc.,* 91 Md.App. 236, 243, 603 A.2d 1357 (1992)). Moreover, "a mere scintilla of evidence in support of the non-moving party's claim is insufficient to avoid the grant of summary judgment." *Barber,* 108 Md.App. at 672, 673 A.2d 744 (citing *Beatty v. Trailmaster Products, Inc.,* 330 Md. 726, 738, 625 A.2d 1005 (1993)).

Even if appellant had presented more substantial evidence of his attempts to communicate with appellee, such evidence would have been insufficient to defeat appellee's summary judgment motion. In this case, the only material facts were: (1) the maturity date/last payment date of the mortgage; (2) whether a continuation statement had been filed in the Land Records of Baltimore City within the twelve year period following the mortgage maturity date/last payment date; and (3) whether the mortgage holder had ever filed an action to enforce the mortgage within that twelve year period. None of

these facts were in dispute. The parties agreed that the maturity date/last payment date of the mortgage was June 5, 1985, and that appellant did not file a continuation statement or initiate court proceedings to enforce the mortgage during the twelve-year period thereafter. The amounts due and owing on the mortgage, and any informal attempts made by appellant to contact appellee to enforce the mortgage, were immaterial to the court's decision regarding automatic termination of the lien under § 7–106(c). Therefore, we find that the trial court properly granted summary judgment in favor of appellee.

### Conclusion

The trial court correctly interpreted § 7–106(c) of the Maryland Code as providing for automatic termination of a mortgage lien when twelve years have elapsed since the termination date/ last payment date of the mortgage without a continuation statement filed or an action instituted to enforce the mortgage. Moreover, because no material facts were in dispute, the trial court properly granted appellee's motion for summary judgment. We therefore affirm the judgment of the circuit court.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**